ANNE E. LOPEZ                7609
   Attorney General of Hawaiʻi
JOHN H. PRICE               2576
KIMBERLY T. GUIDRY      7813
EWAN C. RAYNER         10222
KALIKOʻONĀLANI D. FERNANDES  9964
NICHOLAS M. MCLEAN     10676
   Deputy Attorneys General
Department of the Attorney General
State of Hawaiʻi
425 Queen Street
Honolulu, Hawaiʻi 96813
Tel:  (808) 586-1360
E-mail:  kaliko.d.fernandes@hawaii.gov

Attorneys for ANNE E. LOPEZ, in her
official capacity as Attorney General for the
State of Hawaiʻi

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| NATIONAL ASSOCIATION FOR GUN RIGHTS; RONDELLE AYAU; JEFFREY BRYANT,<br><br>        Plaintiffs,<br><br>    v.<br><br>ANNE E. LOPEZ, in her official capacity as Attorney General for the State of Hawaiʻi,<br><br>        Defendant. | CIVIL NO. 1:22-cv-00404-DKW-RT<br><br>DEFENDANT'S UNOPPOSED MOTION FOR LEAVE TO EXCEED LENGTH LIMITS FOR DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION; CERTIFICATE OF SERVICE<br><br>District Judge:<br>Chief Judge Derrick K. Watson<br><br>Magistrate Judge:<br>Rom Trader |

## DEFENDANT'S UNOPPOSED MOTION FOR LEAVE TO EXCEED LENGTH LIMITS FOR DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Defendant ANNE E. LOPEZ, in her official capacity as Attorney General for the State of Hawai'i ("Defendant"), hereby moves this Court to grant Defendant leave to exceed the length limitations in Rule 7.4 of the Local Rules of Practice for the United States District Court for the District of Hawai'i for purposes of Defendant's opposition to Plaintiffs' Motion for Preliminary Injunction [Dkt. 24], due for filing on February 15, 2023.  *See* Dkt. 27.

Defendant respectfully requests leave to file an opposition not to exceed 45 pages.  At the LR7.8 conference of counsel on January 6, 2023, counsel for Plaintiffs indicated that Defendant could state Plaintiffs' non-objection to this request in her motion.  Defendant does not intend to oppose a reasonable extension of page or word limits for Plaintiffs' reply brief should Plaintiffs so request.

Plaintiffs bring a Second Amendment challenge to Hawaii's statutes governing assault pistols and large-capacity magazines*, see* Hawaii Revised Statutes ("HRS") §§ 134-4(e), 134-8(a), and 134-8(c), following the U.S. Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).  *Bruen* requires, among other things, an initial inquiry as to whether the regulated items fall within the text of the Second Amendment and, when appropriate, an additional in-depth historical inquiry focused on analyzing

and assessing "the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Bruen*, 142 S. Ct. at 2127.  As the *Bruen* Court acknowledged, "historical analysis can be difficult; it sometimes requires resolving threshold questions, and making nuanced judgments about which evidence to consult and how to interpret it." *Id.* at 2130 (internal quotation marks, citation, and brackets omitted).  In this case, Defendant intends to devote a significant portion of her opposition to identifying and detailing analogous regulations at relevant points in the Nation's history, in part through utilizing expert evidence, as many other jurisdictions facing Second Amendment challenges have done post-*Bruen*.

In similar challenges implicating *Bruen*'s text-and-history analytical framework, litigants have regularly filed briefs of lengths similar to—or even significantly exceeding—what Defendant here requests.  *See, e.g.*, *Nat'l Ass'n for Gun Rights v. City of Highland Park, Ill.*, 22-cv-04774 (N.D. Ill.), Dkt. 45 (50-page opposition to a motion for a preliminary injunction); *Ocean State Tactical, LLC v. Neronha*, 22-cv-00246 (D.R.I.), Dkt. 19 (61-page opposition to a motion for a temporary restraining order and preliminary injunction); *Viramontes v. County of Cook*, 21-cv-04595 (N.D. Ill.), Dkts. 60, 63 (granting defendants leave to file post-*Bruen* summary judgment brief of 60-75 pages); *Duncan v. Bonta*, 17-cv-01017 (S.D. Cal.), Dkt. 118 (63-page post-*Bruen* brief); *Miller v. Bonta*, 19-cv-01537 (S.D. Cal.), Dkt. 137 (77-page post-*Bruen* brief).

Given (1) the nature of *Bruen*'s analysis—which may often require "searching historical surveys," *Ocean State Tactical, LLC v. State of Rhode Island*, No. 22-CV-246 JJM-PAS, 2022 WL 17721175, at *6 (D.R.I. Dec. 14, 2022) (quoting *Bruen*, 142 S. Ct. at 2179 (Breyer, J., dissenting)), (2) the dual challenges presented in this lawsuit (*i.e.*, Hawaii's assault pistol *and* large-capacity magazine regulations), and (3) *Bruen*'s reliance on "the principle of party presentation," which emphasizes "the historical record compiled by the parties," *Bruen*, 142 S. Ct. at 2130 n.6 (internal quotation marks and citation omitted), Defendant believes additional pages are necessary to adequately conduct the relevant analysis. Enlarging the briefing will ensure an appropriate presentation of evidence, history, and precedent supporting each of the challenged measures.

For these reasons, Defendant respectfully requests that the Court grant leave to file a 45-page memorandum in opposition to Plaintiffs' Motion for Preliminary Injunction.

DATED:  Honolulu, Hawaiʻi, January 25, 2023.

ANNE E. LOPEZ
Attorney General of Hawaiʻi


/s/ *Kalikoʻonālani D. Fernandes*
JOHN H. PRICE
KIMBERLY T. GUIDRY
EWAN C. RAYNER
KALIKOʻONĀLANI D. FERNANDES
NICHOLAS M. MCLEAN
Deputy Attorneys General

Attorneys for Defendant ANNE E. LOPEZ,
in her official capacity as Attorney General
for the State of Hawaiʻi