Jennifer Loeb*
Freshfields Bruckhaus Deringer US LLP
700 13th Street NW, 10th Floor
Washington, DC 20005
(202) 777-4500
jennifer.loeb@freshfields.com

Christopher D. Thomas (#8203)
1001 Bishop Street, Suite 2925
Honolulu, Hawai'i 96813
(808) 261-7710
cthomas@hawaiianfamilylaw.com

*Attorneys for Amici Curiae*
Giffords Law Center, Brady, and March for Our Lives

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI'I**

| | |
|---|---|
| NATIONAL ASSOCIATION FOR GUN RIGHTS, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> ANNE E. LOPEZ, *in her official capacity as the Attorney General for the State of Hawai'i*, <br><br> Defendant. | Civil No. 1:22-cv-00404-DKW-RT |

**MOTION OF GIFFORDS LAW CENTER TO PREVENT GUN VIOLENCE, BRADY, AND MARCH FOR OUR LIVES FOR LEAVE TO FILE A BRIEF AS *AMICI CURIAE* IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

*Pro hac vice

# CORPORATE DISCLOSURE STATEMENT AND NOTIFICATION OF PUBLICLY HELD AFFILIATES

Giffords Law Center to Prevent Gun Violence, Brady, and March for Our Lives state that they are non-profit corporations organized under 26 U.S.C. § 501(c)(3), have no parent corporation, do not issue stock, and have no publicly-held affiliates.

/s/     *Jennifer Loeb*

## I. INTRODUCTION

Proposed *Amici Curiae* Giffords Law Center to Prevent Gun Violence ("Giffords Law Center"), Brady, and March for Our Lives ("MFOL") (together, "*Amici*") respectfully move for leave to file the proposed *amici curiae* brief, attached as Exhibit A, in opposition to Plaintiffs' Motion for a Preliminary Injunction. Defendant consents to this motion. Although Plaintiffs in this case have decided to oppose this Motion for Leave to File, our arguments below demonstrate why this Court should permit *Amici* to participate in these proceedings even over such opposition.

Giffords Law Center is a non-profit policy organization serving lawmakers, advocates, legal professionals, gun violence survivors, and others who seek to reduce gun violence and improve the safety of their communities.

Brady is the nation's longest-standing non-partisan, non-profit organization dedicated to reducing gun violence through education, research, legal advocacy, and political action.

MFOL is a youth-led non-profit organization dedicated to promoting civic engagement, education and direct action by youth to achieve sensible gun violence prevention policies that will save lives.

Through partnerships with researchers, public health experts, and community organizations, *Amici* conduct research for, draft, and defend laws, policies, and

2

programs proven to reduce gun violence. *Amici* also advocate for the interests of gun owners and law enforcement officials who consider that Second Amendment rights are (and have always been) consistent with limitations found in gun safety legislation and for community violence prevention. Giffords Law Center, Brady, and MFOL have filed numerous *amicus* briefs in cases involving the constitutionality of firearms regulations,[1] and courts have often cited the organizations' research and expertise.[2]

## II. ARGUMENT

This Court has broad discretion to permit the filing of an *amicus curiae* brief "when the *amicus* has an interest . . . that may be affected by the decision in the present case," or "when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997); *see also Miller-Wohl Co. v. Comm'r of Lab. & Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982) ("classic role of *amicus curiae* [is to] assist[] in a case of general

---

[1] *See, e.g., N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022); *McDonald v. City of Chicago, Ill.*, 561 U.S. 742 (2010); *D.C. v. Heller*, 554 U.S. 570 (2008); *Libertarian Party of Erie Cnty. v. Cuomo*, 970 F.3d 106 (2d Cir. 2020).
[2] *See, e.g., Hirschfeld v. Bureau of Alcohol, Tobacco, Firearms & Explosives,* 2019 WL 4923955, *5, *9 (W.D. Va. Oct. 4, 2019); *Rupp v. Becerra,* 401 F. Supp. 3d 978, 990 (C.D. Cal. 2019); *Ass'n of N.J. Rifle & Pistol Clubs v. AG N.J.,* 910 F.3d 106, 121-22 (3d Cir. 2018); *Md. Shall Issue v. Hogan,* 353 F. Supp. 3d 400, 403-05 (D. Md. 2018); *Stimmel v. Sessions,* 879 F.3d 198, 208 (6th Cir. 2018); and *Peruta v. Cty. of San Diego,* 824 F.3d 919, 943 (9th Cir. 2016) (en banc) (Graber, J., concurring). Giffords Law Center filed the latter two briefs under its former name Law Center to Prevent Gun Violence.

public interest, supplement[] the efforts of counsel, and draw[] the court's attention to law that escaped consideration"). This Court has previously permitted *amici* to participate in its proceedings for these reasons. *See, e.g.*, *Kingdom v. Biden,* 2021 WL 4956507 (D. Haw. Sept. 30, 2021).

*Amici* satisfy both bases under *Ryan* for filing an *amicus* brief and should thus be granted leave to participate in this litigation.

*First*, *Amici* have a significant interest in the outcome of this litigation. The principle at stake—the ability of states to regulate the weapons and features that create a heightened risk of danger—is fundamental to *Amici*'s mission and critically important to their members. The resolution of Plaintiffs' motion will involve Second Amendment constitutional principles that could affect *Amici*'s future efforts, in Hawai'i or elsewhere, to reduce gun violence through gun safety legislation. This weighs in favor of allowing participation by *Amici*, as well as other similarly situated gun safety or gun rights groups. *See California v. U.S. Dept. of Labor*, No. 13-cv-02069, 2014 WL 12691095 at *1 (E.D. Cal. Jan. 14, 2014) (granting leave to file *amicus* brief where case implicated constitutional issues and therefore had "potential ramifications beyond the parties directly involved").

*Second*, *Amici* bring unique information and perspective to the issues implicated in this constitutional challenge and have "particular expertise" about the ways in which gun regulations reduce gun violence. *See Neonatology Assocs., P.A.*

*v. Comm'r*, 293 F.3d 128, 132 (3d Cir. 2002) (noting a "particular expertise not possessed by any party to the case" as reason for granting leave to file *amicus* brief over objection that party was already adequately represented). Informed by that expertise, *Amici*'s submission will offer context for the Hawai'i Statutes at issue; information about the public safety interests advanced by the Statutes' restrictions on assault pistols and large capacity magazines; and an analysis of whether the Second Amendment protects the use of these weapons. A number of courts, including federal district courts, have relied on similar information supplied by *Amici* when deciding other cases involving constitutional challenges to firearms regulations. *See, e.g., Peruta*, 824 F.3d at 943 (Graber, J., concurring) (citing Giffords Law Center amicus brief, filed under former name Law Center to Prevent Gun Violence, for analysis of homicides carried out by concealed weapons permit-holders); *Nat'l Ass'n for Gun Rts., Inc. v. City of San Jose*, 2022 WL 3083715, at *9 n.4 (N.D. Cal. Aug. 3, 2022) (referring to the "strong arguments offered by *amicus* [Brady]"); *Mishaga v. Smith,* 136 F.Supp.3d 981, 996 (C.D. Ill. 2015) (referencing Law Center to Prevent Gun Violence amicus brief as a line of reasoning "driv[ing] [the Court's] conclusion").

In addition to the *Ryan* factors, *Amici*'s proposed brief should be accepted for the following reasons:

5

1. While *Amici* submit their proposed brief in support of Defendant's Opposition to Plaintiffs' Motion for a Preliminary Injunction, the organizations' support for a particular litigation outcome should not disqualify them from participating in this matter as *amici curiae*. *Funbus Sys., Inc. v. State of Cal. Pub. Utilities Comm'n.,* 801 F.2d 1120, 1125 (9th Cir. 1986) (it is "a perfectly permissible role for an *amicus*" to "take a legal position and present legal arguments in support of it"). "An *amicus*, of course, is not a party to the litigation and participates only to assist the court. Nevertheless, by the nature of things an *amicus* is not normally impartial" and "there is no rule . . . that *amici* must be totally disinterested." *Waste Mgmt. of Pennsylvania, Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995) (internal quotation marks omitted); *see also Kingdom*, 2021 WL 4956507, at *1 ("the *amicus* may be . . . interested individuals"); *California v. U.S. Dept. of Labor*, 2014 WL 12691095 at *1 (E.D. Cal. Jan. 14, 2014) ("there is no requirement 'that *amici* must be totally disinterested'" (citing *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982))); *Friends of Everglades, Inc. v. S. Fla. Water Mgmt. Dist.*, 2005 WL 8160352, at *1 (S.D. Fla. Nov. 1, 2005) (rejecting plaintiff's "unpersuasive" claim that "*amici* must be neutral").

2. While *Amici* agree with the Defendant that Plaintiffs' motion for a preliminary injunction should be denied, *Amici*'s proposed brief does not duplicate the arguments made by the Defendant about why the Court should refuse to issue a

preliminary injunction. Instead, the proposed *amici curiae* brief provides the Court with context regarding the new Second Amendment test set forth in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), the Hawai'i Statutes that are at issue in this case, and the public safety interests advanced by those regulations.

3. No party or counsel for a party authored this brief in whole or in part, and no person other than *Amici* or their counsel contributed any money to fund its preparation or submission.

4. *Amici*'s Motion for Leave and proposed brief are timely submitted, *Cf.* Fed. R. App. P. 29(a)(6) (allowing *amicus curiae* briefs to be filed "no later than 7 days after the principal brief of the party being supported is filed"), and the proposed brief complies with the Federal and Local Rules of Civil Procedure, including the page limitations set forth in Local Rule of Civil Procedure 7.4.

5. No party would be prejudiced by the filing of this *amici curiae* brief.

Accordingly, *Amici* respectfully request leave from the Court to submit an *amici curiae* brief.

| | |
|---|---|
| Dated: February 22, 2023 | Respectfully submitted, |
| | /s/   *Jennifer Loeb*  |
| | Jennifer Loeb* |
| | Freshfields Bruckhaus Deringer US LLP |
| | 700 13th Street NW, 10th Floor |
| | Washington, DC 20005 |
| | Tel: 202 777 4500 |
| | jennifer.loeb@freshfields.com |
| | |
| | Aaron Marcu* |
| | Lee Rovinescu* |
| | Freshfields Bruckhaus Deringer US LLP |
| | 601 Lexington Ave., 31st Floor |
| | New York, NY 10022 |
| | Tel: 212 277 4000 |
| | aaron.marcu@freshfields.com |
| | lee.rovinescu@freshfields.com |
| | |
| | Christopher D. Thomas (#8203) |
| | American Savings Bank Tower |
| | 1001 Bishop Street, Suite 2925 |
| | Honolulu, Hawai'i 96813 |
| | Tel: 808 261 7710 |
| | cthomas@hawaiianfamilylaw.com |
| | |
| | *Attorneys for Amici Curiae* |
| | Giffords Law Center to Prevent Gun Violence, Brady, and March for Our Lives |

*Pro hac vice

## CERTIFICATE OF SERVICE

I certify that, on February 22, 2023, a true and correct copy of the foregoing was filed with the Clerk of the United States District Court for the District of Hawai'i via the Court's CM/ECF system, which will send notice of such filing to all registered CM/ECF users.

Dated: February 22, 2023

/s/   *Jennifer Loeb*
Jennifer Loeb

*Attorney for Amici Curiae*
Giffords Law Center to Prevent Gun Violence, Brady, and March for Our Lives