| | |
|---|---|
| ANNE E. LOPEZ | 7609 |
|   Attorney General of Hawaiʻi | |
| KALIKOʻONĀLANI D. FERNANDES | 9964 |
|   Solicitor General | |
| NICHOLAS M. MCLEAN | 10676 |
|   First Deputy Solicitor General | |
| EWAN C. RAYNER | 10222 |
|   Deputy Solicitor General | |

Department of the Attorney General
State of Hawaiʻi
425 Queen Street
Honolulu, Hawaiʻi 96813
Telephone: (808) 586-1360
E-mail:  kaliko.d.fernandes@hawaii.gov
         nicholas.mclean@hawaii.gov
         ewan.rayner@hawaii.gov

(*additional counsel listed in signature block*)

Attorneys for ANNE E. LOPEZ, in her
official capacity as Attorney General for the
State of Hawaiʻi

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| NATIONAL ASSOCIATION FOR GUN RIGHTS et al.,<br><br>      Plaintiffs,<br><br>  v.<br><br>ANNE E. LOPEZ, in her official capacity as Attorney General for the State of Hawaiʻi,<br><br>      Defendant. | Civil No. 1:22-cv-404-DKW-RT<br><br>**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF HER OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION (DKT. NO. 36); EXHIBITS A-H; CERTIFICATE OF SERVICE**<br><br><u>District Judge</u>:<br>Chief Judge Derrick K. Watson<br><br><u>Magistrate Judge</u>:<br>Rom Trader |

**DEFENDANT ANNE E. LOPEZ'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF HER OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION (DKT. NO. 36)**

On October 4, 2023, Plaintiffs NATIONAL ASSOCIATION FOR GUN RIGHTS, RONDELLE AYAU, and JEFFREY BRYANT filed a Notice of Supplemental Authority. *See* Dkt. No. 79. Pursuant to Local Rule 7.6, Defendant ANNE E. LOPEZ, in her official capacity as Attorney General for the State of Hawaiʻi, respectfully submits the following authorities (attached hereto as **Exhibits A-H**, respectively) not previously offered to the Court in support of her *Opposition to Plaintiffs' Motion for Preliminary Injunction* (Dkt. No. 36):

1. *Oregon Firearms Federation v. Kotek*, No. 2:22-cv-01815, --- F. Supp. 3d ----, 2023 WL 4541027, at *1-46, *55 (D. Or. July 14, 2023) (entering judgment for the state defendants and the intervenor-defendant after a week-long bench trial and upholding Oregon's law restricting large-capacity magazines against a Second Amendment challenge; finding that (i) "Plaintiffs have not met their burden to show that LCMs are protected by the Second Amendment," as "the evidence in the record illustrates that LCMs are not necessary for firearms to function and are not commonly used for self-defense" and thus "the Second Amendment's plain text does not cover LCMs" and (ii) "[e]ven if Plaintiffs could show LCMs are protected by the Second Amendment, ... [d]efendants and [i]ntervenor-[d]efendant have met their burden of showing that [Oregon]'s

restrictions on LCMs are consistent with the Nation's history and tradition of firearm regulation"), *appeals docketed*, Nos. 23-35478, 23-35479, 23-35539 & 23-35540 (9th Cir.). A copy of the district court's decision is attached as **Exhibit A**.

2. *Hartford v. Ferguson*, No. 3:23-cv-05364, --- F. Supp. 3d ----, 2023 WL 3836230, at *1-7 (W.D. Wash. June 6, 2023) (denying plaintiffs' motion for a preliminary injunction in a Second Amendment challenge to Washington's law restricting assault weapons; finding that "[t]he burden imposed by both the historical regulations and [the challenged Washington law] are 'relevantly similar'"). A copy of the district court's decision is attached as **Exhibit B**.

3. *Brumback v. Ferguson*, No. 1:22-cv-03093, 2023 WL 6221425, at *1-12 (E.D. Wash. Sept. 25, 2023) (denying plaintiffs' motion for a preliminary injunction and declaratory relief in a Second Amendment challenge to Washington's law restricting large-capacity magazines; finding that "the evidence in the record is insufficient to establish that [p]laintiffs are likely to prove that large capacity magazines fall within the Second Amendment right"). A copy of the district court's decision is attached as **Exhibit C**.

4. *National Ass'n for Gun Rights v. Lamont*, No. 3:22-cv-01118, --- F. Supp. 3d ----, 2023 WL 4975979, at *1-34 (D. Conn. Aug. 3, 2023) (denying plaintiffs' motion for a preliminary injunction in a Second Amendment challenge to Connecticut's laws restricting assault weapons and large-capacity magazines;

finding that (i) plaintiffs "fail[ed] to meet their burden to show that the statutorily defined assault weapons and LCMs are protected by the Second Amendment" and (ii) "[e]ven if [p]laintiffs had met their burden under the first part of the test, ... [d]efendants have demonstrated under step two of the *Bruen* analysis that the Challenged Statutes pose a comparable burden to relevantly similar historical analogues for comparably justified reasons"), *appeal docketed*, No. 23-1162 (2d Cir. Aug. 16, 2023). A copy of the district court's decision is attached as **Exhibit D**.

5. *Grant v. Lamont*, No. 3:22-cv-01223, 2023 WL 5533522 (D. Conn. Aug. 28, 2023), at *1-7 (denying plaintiffs' motion for a preliminary injunction in a Second Amendment challenge to Connecticut's laws restricting assault weapons based on the same court's prior ruling in *National Ass'n for Gun Rights v. Lamont*, No. 3:22-cv-01118 (cited at No. 4 above); finding that (i) plaintiffs had not met their burden to show that assault weapons "are commonly used for self-defense" and (ii) even if they had, "the Challenged Statutes are consistent with the nation's history and tradition of firearm regulation"), *appeal docketed*, No. 23-1344 (2d Cir. Sept. 28, 2023). A copy of the district court's decision is attached as **Exhibit E**.

6. *Herrera v. Raoul*, No. 1:23-cv-00532, --- F. Supp. 3d ----, 2023 WL 3074799 (N.D. Ill. Apr. 25, 2023), at *1-7, *11-13 (denying plaintiffs' motion for a preliminary injunction in a Second Amendment challenge to Illinois's, Chicago's,

and Cook County's laws restricting assault weapons and large-capacity magazines; finding that the "challenged restrictions on semiautomatic weapons and large-capacity magazines ... are consistent with 'the Nation's historical tradition of firearm regulation,' namely the history and tradition of regulating particularly 'dangerous' weapons"), *appeal docketed*, No. 23-1793 (7th Cir. Apr. 26, 2023). A copy of the district court's decision is attached as **Exhibit F**.

7. *National Ass'n for Gun Rights v. City of Naperville*, No. 22A948 (U.S. May 17, 2023) (denying plaintiffs' application for a writ of injunction pending appeal in a Second Amendment challenge to Illinois's law restricting assault weapons and large-capacity magazines and the City of Naperville, Illinois's ordinance restricting the sale of assault weapons). A copy of the Supreme Court's order is attached as **Exhibit G**.

8. *Barnett v. Raoul*, No. 23-1825, Dkt. 9 (7th Cir. May 3, 2023), Dkt. 30 (7th Cir. May 12, 2023) (granting a stay pending appeal of a district court's preliminary injunction of Illinois's law restricting assault weapons and large-capacity magazines). Copies of the Seventh Circuit's orders are attached as **Exhibit H**. (The Seventh Circuit has consolidated the appeal of this district court decision, *Barnett v. Raoul*, No. 3:22-cv-00209 (S.D. Ill.), with the appeal from a district court decision denying a preliminary injunction in a Second Amendment challenge to the same Illinois law and similar local ordinances, *Herrera v. Raoul*,

No. 1:23-cv-00532 (N.D. Ill.) (cited at No. 6 above). On June 26, 2023, the Seventh Circuit heard oral argument in these appeals (Nos. 23-1825, 23-1793), together with argument in a related appeal (No. 23-1353) from another district court decision denying a preliminary injunction as to the same Illinois law and a local ordinance, *Bevis v. City of Naperville*, No: 1:22-cv-04775 (N.D. Ill.).)

DATED: New York, New York, October 6, 2023

/s/ *William J. Taylor, Jr.*
KALIKOʻONĀLANI D. FERNANDES
   Solicitor General
NICHOLAS M. MCLEAN
   First Deputy Solicitor General
EWAN C. RAYNER
   Deputy Solicitor General

WILLIAM J. TAYLOR, JR.
Everytown Law
   Special Deputy Attorney General

ALAN SCHOENFELD
RYAN CHABOT
Wilmer Cutler Pickering Hale and Dorr LLP
   Special Deputy Attorneys General

Attorneys for Defendant ANNE E. LOPEZ, in her official capacity as Attorney General for the State of Hawaiʻi